UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| IDA BELLE ROLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-01900-KJD-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WAL-MART STORES, INC, et al., | ) | (Mot. Enforce Settlement - Dkt. #41) |
| | ) | (Mot. For Sanctions - Dkt. #42) |
| Defendants. | ) | |

The court conducted a hearing on Wal-Mart's Motion to Enforce Settlement (Dkt. #41), and Sanctions Request (Dkt. #42) on February 5, 2013. Plaintiff filed Responses and Objections (Dkt #46) on February 4, 2013. Siria Gutierrez appeared on behalf of the Defendants. Plaintiff is appearing pro se and resides in Punta Gorda, Florida. She did not appear. The court's courtroom administrator tried unsuccessfully to reach the Plaintiff telephonically at her home phone number and at the numbers for health care facilities she or her husband provided to the court in an earlier filing (Dkt # 44). Plaintiff's home phone went to voice mail and representatives of the two facilities indicated Plaintiff was no longer at their facility.

After Defendants' motion was filed, Plaintiff filed a Request for an Emergency Medical Extension (Dkt. #44) indicating that Plaintiff had been hospitalized three times within thirty days, and had been requested to appoint her husband to make medical decisions on her behalf. Additionally, her husband, Terry E. Rolain, corresponded with the Help Desk in the clerk's office indicating that his wife was again hospitalized on Tuesday, December 18, 2012, and was doing better, but was "very incoherent." The court inquired to counsel for Wal-Mart whether she had made any efforts to contact Plaintiff or her husband after Defendants' motions were filed. Counsel indicated that she had not.

In the current motions, Wal-Mart seeks an order enforcing a settlement reached between the parties in the amount of $14,500. The motion is supported by the affidavit of counsel and attached exhibits indicating Plaintiff agreed to settle this case for $14,500. However, Wal-Mart also seeks an order requiring Plaintiff to execute a stipulation for dismissal with prejudice; a release of all claims in the form forwarded to Plaintiff; and a Medicare lien verification form. Wal-Mart also seeks sanctions for Plaintiff's "obstreperous post-settlement conduct" and for the necessity of having to file this motion to enforce.

The court has carefully reviewed the motion and supporting affidavit and exhibits. It is clear that Plaintiff and Defendants agreed on a monetary settlement in the amount of $14,500. *See* correspondence dated October 16, 2012, from Plaintiff to Attorney Gutierrez, counsel for Wal-Mart, attached as Exhibit "A" to the Motion to Enforce (Dkt. #41). The letter clearly states that the offer of $14,500 was made to settle with both Wal-Mart and Eastern Beltway, LLC which Wal-Mart would pay on behalf of both Defendants. *Id.* Wal-Mart's offer letter did not specify any other terms of the agreement. *Id.* It is also clear that after accepting the amount of $14,500 Plaintiff acknowledged that "there will be documents to sign and release forms to follow." See documents attached as Exhibit "B".

On October 17, 2012, Attorney Gutierrez sent a letter to the Plaintiff confirming the settlement agreement in the amount of $14,500. *See* October 17, 2012, letter attached as Exhibit "C" to the motion. Additionally, the letter indicated that in return for the settlement draft (check), the Defendants would require Plaintiff to execute a "settlement release of all claims with a confidentiality clause", a Medicare/Lien verification form, and a stipulation for dismissal with prejudice with each side to bear its own costs and fees. *Id.* On October 24, 2012, a paralegal for Ms. Gutierrez corresponded with Ms. Rolain enclosing a stipulation and order for dismissal with prejudice, a release of all claims form, and a Medicare/Lien verification form. *See* Exhibit "D". The letter indicated that Ms. Gutierrez would review the executed documents and "if approved", contact the Plaintiff via fax to inform her that she may return the originals to the office. *Id.* The letter also indicated that the settlement check would not be sent until the original settlement documents were received.. Copies of the settlement and release of all claims and indemnity agreement, and stipulation and proposed order for dismissal with prejudice were attached to the letter.

2

The "full and final confidential settlement, release of all claims and indemnity agreement" which was forwarded to the Plaintiff consists of a five-page pre-printed form containing twenty-one paragraphs. The form recites the consideration for the settlement and states that is conditioned on compliance with the Medicare/Medicaid and SCHIP Extension Act of 2007. Among the 21 paragraphs of complex legal jargon is a 16 line indemnification paragraph in capital letters requiring Plaintiff to indemnify and hold Wal-Mart and Beltway harmless for broad categories of potential claims including Medicare, Medicaid, workers compensation, child support or other domestic relation liens, public assistance or other liens or interests including reimbursing Wal-Mart for attorney's fees, litigation expenses and court costs incurred by the released parties. Additionally, the release contains a cooperation and assistance agreement requiring Plaintiff to sign additional documents and assist Wal-Mart in the event the agreement is challenged.

There is nothing in the record to support a finding that the Plaintiff agreed to any of these conditions. As indicated the offer letter did not any terms other than the settlement amount. During the hearing, counsel for Defendants indicated that the release agreement that was mailed to the Plaintiff was Wal-Mart's standard confidential settlement release and indemnity agreement. Counsel also indicated that Wal-Mart regarded each of these terms as material and essential terms for any settlement. As there is nothing in the record to support a finding that Plaintiff agreed to any of these conditions, other than a general release of all claims and dismissal of this lawsuit, the court finds the parties did not reach a meeting of the minds on all essential terms of the settlement agreement. Accordingly,

**IT IS ORDERED** that Defendants Wal-Mart Stores, Inc. and Eastern Beltway, Ltd's Motion to Enforce Settlement (Dkt. #41) and Motion for Sanctions (Dkt. #42) are **DENIED**.

Dated this 6th day of February, 2013.

_____
Peggy A. Leen
United States Magistrate Judge