1

2

3

4          UNITED STATES DISTRICT COURT

5              DISTRICT OF NEVADA

6                    * * *

7   IDA BELLE ROLAIN,                    Case No. 2:11-cv-01900-APG-PAL

8                          Plaintiff,              ORDER

9        v.

10  WAL-MART STORES, INC., et al.,

11                         Defendant.

12          In a Minute Order in Chambers entered March 12, 2014, the district judge referred this

13  case to the undersigned for scheduling a status conference because this case is set for jury trial

14  July 7, 2014, and the Pretrial Order was not signed by the Plaintiff.  On March 14, 2014, the

15  undersigned set the matter for a scheduling conference on April 22, 2014, at 10:30 a.m.

16           Plaintiff did not appear or request permission to appear telephonically, although the court

17  has routinely allowed both sides to appear telephonically at hearings in this case.  Chambers

18  made multiple attempts to reach the Plaintiff telephonically at the last number she provided

19  without success.  Counsel for Defendants, Brenda Entzminger, appeared telephonically.  The

20  court inquired whether Defendant had complied with the court's prior Order (Dkt. #56) granting

21  Plaintiff's motion to proceed with jury trial and requiring that the joint pretrial order be filed by

22  February 14, 2014.

23          The court's prior Order (Dkt. #56) pointed out that the parties had not filed the joint

24  pretrial order within thirty days of the district judge's decision of the summary judgment motion

25  on March 26, 2013.  Local Rule 16-3(c) requires the Plaintiff to initiate the process for filing the

26  joint pretrial order.  The order advised Plaintiff that the rules governing the joint pretrial order

27  are set forth in Local Rule 16-3, and that the former pretrial order is dictated by LR 16-4.

28  Although LR 16-3(c) requires the Plaintiff to initiate the process, because the Plaintiff is pro se

and lives out of state, the court required counsel for Defendants to send a draft pretrial order to the Plaintiff which conformed to the form of pretrial order required by LR 16-4 so that Plaintiff could insert her portions of the proposed order.  The joint pretrial order was due February 14, 2014.  Counsel for Defendants was directed to send a draft proposed form of pretrial order to the Plaintiff, who was directed to promptly review it, insert the information required of her, and return it to counsel for Defendants for filing.  *See* Order (Dkt. #56).

Counsel for Defendants advised the court at the April 22, 2014 hearing, that defense counsel had complied with the court's direction and forwarded a draft proposed form of pretrial order to the Plaintiff who had reviewed it and returned it with requests for information to be inserted.  Defense counsel represents that the information Plaintiff requested was incorporated in a revised proposed joint pretrial order and returned to the Plaintiff.  However, Plaintiff did not respond to attempts to reach her on the phone or return the revised joint pretrial order by the court-imposed deadline.  Defense counsel therefore filed the revised joint pretrial order incorporating the changes requested by Plaintiff on February 14, 2014, as ordered.

Defense counsel further represents that after the joint pretrial order was filed, Plaintiff sent a letter objecting to certain portions of the proposed order.  The court directed counsel for Defendants to file the letter with the court so that Plaintiff's objections could be memorialized for the record.

Defense counsel also requested a mandatory settlement conference before trial.  As jury trial is set for July 7, 2014, the Plaintiff lives out of state, and the court's availability to conduct a settlement conference is limited by other matters already on calendar, the court will set a settlement conference, but allow the Plaintiff to participate telephonically.

**IT IS ORDERED** that:

1.     The Plaintiff having failed to appear at the scheduling conference, and having failed to sign the revised joint pretrial order prepared by defense counsel as the court directed, the provisions of Local Rule 16-4 apply and the pretrial order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

2.     A mandatory settlement conference is scheduled for **Friday, May 16, 2014, at 9:30 a.m.**  A separate written order will issue advising the parties of their responsibilities for preparing for the conference.  Plaintiff may appear telephonically and shall be available for the duration of the settlement conference.

DATED this 25th day of April, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE