# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IDA BELLE ROLAIN,<br><br>                       Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>                      Defendants. | Case No. 2:11-cv-1900-APG-PAL<br><br>**ORDER DENYING MOTIONS IN LIMINE WITHOUT PREJUDICE**<br><br>(Dkt. #66) |

On June 6, 2014, Defendants Co. filed "Omnibus Motions In Limine Nos. 1-9." (Dkt. #66.) It is obvious that counsel have not conferred with each other about the upcoming trial presentations. Each of these motions is premised upon some expectation that the plaintiff "may" offer something improper at trial. *See, e.g.,* Dkt. 66 at 4:3 ("*It is anticipated that Plaintiff may seek to prejudice the jury by . . . .*")(emphasis added). What is the foundation for these expectations? Are these motions simply prophylactic attempts to set up a "gotcha" moment at trial should Plaintiff inadvertently misstep?

Worse yet, some of motions simply ask the court to enforce the rules of evidence. *See, e.g., id.* at 3:9-12 (requesting enforcement of the exclusionary rule, which is mandatory under FRE 615 if requested by a party); *id.* at 8:4-9:6 (seeking to enforce FRE 411 and 407). Moreover, many of the rules of evidence have exceptions, which cannot be evaluated until they arise in the context of a trial. While the Court appreciates the possible intent of the Defendants to preview some potentially-problematic evidentiary issues, the way to do that is not by filing motions seeking blanket invocations of rules without any context. Such motions waste the court's time and the parties' resources. Rather, counsel should first confer about potential issues and, if necessary, request a pretrial conference with the trial judge during which such issues can be discussed. I am issuing this Order without requiring Plaintiff to file a Response to the pending motions in hopes of saving the parties the expense of additional, unnecessary briefing.

Defendants' motion in limine (Dkt. ##66) is hereby DENIED WITHOUT PREJUDICE. The parties are ordered to meet and confer about the substance of these (and any other contemplated) motions in limine. If agreements are reached, the prophylactic goal may be obtained by incorporating the agreements into a stipulation and proposed order for me to consider. Should the parties not reach an agreement and a motion in limine becomes necessary, the motion must be accompanied by a certificate that counsel actually conferred in good faith to resolve the issue before the motion was filed. The failure to include such a certificate of counsel will result in the denial of the motion.

Dated: June 6, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE